FILED
2018 MAR -5 PM 4:58
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACOB EICHENBAUM,

    Plaintiff,

v.                                  CASE NO.: 6:18-CV-333-ORL-41GJK

INDIAN RIVER MEMORIAL HOSPITAL, INC.

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB EICHENBAUM, by and through his undersigned counsel, sues Defendant, INDIAN RIVER MEMORIAL HOSPITAL, INC., (hereinafter "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Family and Medical Leave Act (FMLA), of 1993, 29 U.S.C. Sections 2601 -2654, to obtain relief for the denial of benefits and termination from employment in violation of the FMLA.

2. This is an action for damages in which the matter in controversy exceeds fifteen thousand dollars ($15,000.00), exclusive of interest, costs, and attorney's fees.

3. The unlawful practices alleged below were committed in Indian River County, Florida. Plaintiff currently resides in Indian River County, Florida, and at all times material herein resided in Indian River County, Florida.

4. This action is one for damages as a result of the Defendant's violation of the 29 U.S.C. §2615(a)(1) in direct violation of Congress' Family and Medical Leave Act of 1993.

5. INDIAN RIVER MEMORIAL HOSPITAL, INC., is a Not For Profit Corporation, doing business in the State of Florida, in Indian River County.

## BACKGROUND INFORMATION

6. Plaintiff was hired by Defendant on or about August of 2015 and worked at least 1250 hours over the twelve (12) months prior to his exercise of FMLA rights and was an "employee" as defined by FMLA Statute, 29 U. S. C. §2611(4).

7. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite for each working day during each of twenty (20) or more calendar work weeks in the year culminating in Plaintiff's termination and is an "employer" as defined by FMLA Statute, 29 U.S.C. §2611(4).

8. Plaintiff is a Licensed Register Nurse.

9. On or about July 2017, while Plaintiff was on duty a mental health/violent patient threw a chair which hit the side of Plaintiff's head and back of his head which caused a traumatic injury.

10. The patient went on to throw all items that he could pick up and then tore the water cooler off the wall and slammed it into the wall.

11. By doing this, the patient also broke the water pipe and the broken line began to flood the unit.

12. Security and emergency assistance arrived and Plaintiff was taken to the emergency department for evaluation.

13. Plaintiff does not recall what happened between the time he got into the security vehicle and waking up in the emergency room with a c-collar about 45 minutes after the whole incident began.

14. Plaintiff was under the care and continuing treatment of his Doctor for the time period of July 2017 through September 2017.

15. On or about July 2017 Plaintiff's FMLA leave request was granted by his employer.

16. Plaintiff was on approved leave from July 2017 through October 2017. Plaintiff was available to return to work before October 2017 but was not permitted to return to work.

## COUNT I
## INTERFERANCE WITH RIGHTS IN VIOLATION OF FMLA

17. Plaintiff realleges and incorporates herein paragraphs 1 through 16 above.

18. On September 4, 2017 Plaintiff's medical provider cleared Plaintiff to return to work without restrictions starting September 11, 2017. Plaintiff informed human resources to find out his return date, but employer refused to let Plaintiff return to work. Plaintiff had only used approximately 7 weeks of FMLA leave.

19. Rather than let Plaintiff return to work, Employer refused to assign Plaintiff to work and instead placed him in administrative leave without pay.

20. The Defendant's actions against the Plaintiff in violation of the FMLA were done wantonly, maliciously, willfully and with the intent to do harm to Plaintiff.

21. Plaintiff has complied with all conditions precedent prior to bringing this action. Defendant, is an employer as defined by the FMLA.

22. At all times during his employment with Defendant, Plaintiff performed all duties assigned to him in a professionally competent manner.

23. During the incident while Plaintiff was attempting to deflect all items being thrown at him by a violent patient, he was struck by a chair in the side and back of his head.

24. Plaintiff's medical condition constitutes a significant medical condition which is covered under the FMLA.

25. As a matter of law, Plaintiff invoked his right to FMLA benefits.

26. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

27. Plaintiff has suffered and continues to suffer grave and severe damage to his financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, as follows:

A. Judgment for all wages, salary, employment benefits and other compensation denied or lost Plaintiff, including back pay and front pay, by reason of Defendant's violation of the FMLA;

B. Interest;

C. An additional amount as liquidated damages;

D. An award of reasonable attorney's fees and all costs incurred herein;

E. Such other damages as may be just and proper.

## COUNT II:

### DISCRIMINATORY RETALIATION IN VIOLATION OF THE FMLA

28. Plaintiff realleges and incorporates herein paragraphs 1 through 16 above.

29. This is an action brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. Sections 2601 to 2654, to obtain relief for violation of medical leave rights guaranteed by the FMLA.

30. Plaintiff was employed by Defendant in excess of twelve months and for at least 1250 hours over the twelve months prior to his termination.

31. Within a 75 mile radius of Plaintiff's employment, Defendant employed in excess of fifty (50) employees for each working day during each of the twenty or more calendar work weeks in the year culminating in Plaintiff's termination.

32. Defendant, is an employer as defined by the FMLA.

33. At all times during his employment with Defendant, Plaintiff performed all duties assigned to him in a professionally competent manner.

34. During the incident while Plaintiff was attempting to deflect all items being thrown at him by a violent patient, he was struck by a chair in the side and back of his head.

35. Plaintiff's medical condition constitutes a significant medical condition which is covered under the FMLA.

36. As a matter of law, Plaintiff invoked his right to FMLA benefits.

37. Plaintiff's FMLA leave was approved through October, 2017.

38. On or about September 11, Plaintiff found out that he was not permitted to return to work.

39. In a retaliatory and discriminatory fashion, Defendant put Plaintiff in administrative leave without pay. He was informed that it was part of their policies and practice that when an employee has an incident like the one Plaintiff had, that Defendant does not allow the employee to return to work.

40. Defendant caused an adverse employment decision as a result of Plaintiff invoking his right to FMLA benefits by not letting Plaintiff return to work..

41. Defendant's decision to not let Plaintiff return to work was causally connected to his invocation of his FMLA rights.

42. Defendant's proffered reason for termination is direct discrimination or otherwise, pretextual.

43. The Defendant's actions against the Plaintiff were in retaliation for Plaintiff exercising his FMLA rights. In any event, Defendant's actions were discriminatory acts because Plaintiff entered into protected activities as codified by the FMLA.

44. Further, with evil design and malicious purpose, Defendant's actions were worse than terminating Plaintiff. When Plaintiff applied for jobs in an attempt to mitigate his damages, prospective employers would call Defendant for a reference and Defendant would respond: "[Plaintiff] is on administrative leave without pay." Although the reference is technically accurate, the design of Defendant is to insinuate to third-parties that Plaintiff must have done something wrong. As a result of this evil design, Plaintiff has been unable to secure many of the jobs he applied for. Moreover, Defendant's evil design was unlawfully used to create economic duress and to manipulate Plaintiff into waiving his rights under the FMLA.

45. Plaintiff has retained the undersigned law firm and agreed to pay a reasonable fee.

46. Plaintiff has suffered and continues to suffer grave and severe damage to his financial welfare by reason of Defendant's unlawful actions against the Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands for judgment against Defendant, as follows:

  a. Judgment for all wages, salary, employment benefits and other compensation denied or lost by Plaintiff due to Defendant's retaliation in violation of FMLA.

  b. Pre and post Judgment Interest;

  c. Punitive Damages;

  d. Back pay

  e. Front pay

 f. Reinstatement

 g. An award of reasonable attorney's fees and all costs incurred herein;

 h. Such other damages as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 27th day of February, 2018.

        ARCADIER & ASSOCIATES, P.A.

        */s/ Maurice Arcadier, Esquire*
        Maurice Arcadier, Esquire
        Florida Bar No. 0131180
        Stephen Biggie, Esquire
        Florida Bar No.: 0084035
        Joseph C. Wood, Esquire
        Florida Bar No.: 0093839
        Ethan B. Babb, Esquire
        Florida Bar No.: 127488
        Attorneys for Plaintiff
        2815 W. New Haven, Suite 304
        Melbourne, Florida 32904
        Primary Email: Arcadier@wamalaw.com
        Secondary Email: office@wamalaw.com
        Phone: (321) 953-5998
        Fax: (321) 953-6075